# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| DYLAN ADCOCK,<br><br>    Plaintiff,<br><br>v.<br><br>WARD HOME SERVICES d/b/a ACE HANDYMAN SERVICES EAST METRO ATLANTA (543) and WILLIAM WARD,<br><br>    Defendants. | Civil Action No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Dylan Adcock ("Plaintiff") files this Complaint against Defendants Ward Home Services d/b/a Ace Handyman Services East Metro Atlanta (543) ("Defendant Ace Handyman") and William Ward ("Defendant Ward"), (collectively, "Defendants"). Plaintiff asserts claims against Defendants for unpaid overtime wages and retaliatory termination in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff shows the Court as follows:

## NATURE OF THE ACTION

1. Plaintiff asserts claims against Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), for failure to pay overtime and retaliatory termination. Throughout his employment, Plaintiff regularly worked more than forty (40) hours per workweek without being paid one-and-one-half times his regular rate of pay for all overtime worked. Further, Defendants did not pay for drive time and deducted thirty (30) minutes for a lunch break, regardless of whether Plaintiff took the break. When Plaintiff complained about these practices, including the failure to pay him overtime at one-and-one-half times his regular rate, Defendants terminated him. Plaintiff alleges that his termination was in retaliation for his complaints regarding FLSA violations.

2. Plaintiff states a claim for unpaid overtime. Plaintiff states that Defendants failed to pay him overtime wages for all hours worked in excess of forty (40) each workweek, in violation of the FLSA (Count I).

3. Plaintiff additionally asserts a claim under the FLSA for retaliatory termination. Specifically, when Plaintiff complained that he was not receiving overtime wages, Defendants terminated his employment in retaliation for his protected activity (Count II).

4. Plaintiff seeks all unpaid overtime wages, liquidated damages, lost wages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This is an action brought under the FLSA for unpaid overtime wages and retaliation. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

6. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.4, venue is proper in this Court because the unlawful employment practices described herein were committed within the Athens Division of the Middle District of Georgia.

## PARTIES

7. Plaintiff is a citizen of the United States of America and resident of the State of Georgia. Plaintiff submits himself to the jurisdiction of this Court.

8. Plaintiff worked for Defendants from approximately January 2, 2023, until his termination on May 12, 2023.

9. Defendant Ace Handyman is a for-profit Georgia corporation with its principal place of business at 288 S. Main St., Madison, Georgia 30650-1303.

10. Defendant Ace Handyman may be served with process through its Registered Agent, William Ward, at 1091 West Magnolia Loop, Madison, Georgia,

30650 or at its principal place of business at 288 S. Main St., Madison, Georgia 30650-1303.

11.     Defendant William Ward was an owner of Defendant Ace Handyman at all times relevant to this Complaint and conducted business in the Middle District of Georgia.  On information and belief, Defendant Ward is a Georgia resident and may be served with process at his business or residential address.

12.     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq*.

13.     At all relevant times, Defendant Ace Handyman has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

14.     At all relevant times, in the course of Defendants' business operations, Defendants' employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce.

15. At all relevant times, Defendants had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16. On information and belief, at all relevant times, Defendant Ace Handyman had an annual gross volume of sales made or business done in excess of $500,000.

17. At all relevant times, Defendants were "employer[s]" of Plaintiff as that term is defined by 29 U.S.C. § 203(d).

18. At all relevant times, Defendant Ward was an "employer" of Plaintiff within the meaning of the FLSA because he asserted control of Defendant Ace Handyman's day-to-day operations, had ultimate responsibility for the supervision of Plaintiff, made the decision not to pay Plaintiff overtime wages, as required by the FLSA, and terminated Plaintiff in retaliation, in violation of the FLSA.

19. Defendants are governed by and subject to 29 U.S.C. § 207.

## STATEMENT OF FACTS

20. Defendants employed Plaintiff as a Handyman from approximately January 2, 2023, until his termination on May 12, 2023

21. From approximately January 2, 2023, until May 12, 2023, he was paid an hourly rate of $25.00 plus a $30.00 service fee for each project each day.

22. Plaintiff was required to work in excess of forty hours per week.

23.   As a regular and routine practice, Defendants failed to pay Plaintiff at an overtime rate of one-and-one-half his regular rate of pay for hours he worked in excess of forty hours per week.

24.   Defendants calculated overtime hours on a bi-weekly basis, rather than on a weekly basis as required by the FLSA.

25.   Defendants told Plaintiff that he would not be compensated for driving time between job sites and that Defendants would auto-deduct his lunches regardless of whether he took a lunch break.

26.   Plaintiff was not paid a salary and is not exempt under any recognized FLSA exemption.

27.   Starting in approximately March 2023, Plaintiff began complaining to owner, Defendant Ward, and office manager, Ms. Brea Worth, that he was not being appropriately compensated for overtime, driving time, and the time that was being deducted for lunch breaks that he was not taking.  By and through these complaints, Plaintiff opposed Defendants' FLSA violations.

28.   Defendant Ward and Ms. Worth both denied that Plaintiff was entitled to overtime pay and pay for driving time.

29.   Defendant Ward told Plaintiff to clock out for his driving time.

30. When Plaintiff said that it was not legal to not pay him for driving time, Ms. Worth stated that "it is legal because he has it as taxable income so it is legal, it's one hundred percent legal" and "because this is a work to right state [sic], an employer can basically do whatever they want."

31. Defendant Ward and Ms. Worth stated that they calculate overtime on a biweekly basis, and Plaintiff would need over eighty (80) hours for a two-week period before he would be considered as working overtime.

32. Defendant Ward and Ms. Worth also stated that they would deduct lunch even if Plaintiff did not take the break.

33. Plaintiff continued to complain to Defendant Ward and Ms. Worth for the duration of his employment about these unlawful practices. These complaints constituted protected activity under the FLSA.

34. On May 4, 2023, Plaintiff had another meeting with Defendant Ward to discuss the failure to pay Plaintiff overtime and driving time and the impermissible auto-deduction of breaks that Plaintiff was not taking.

35. Defendant Ward stated two to three times that Plaintiff was trying to "nickel and dime" the company. Defendant Ward further stated that he had never had someone who came to him with so many complications, nuances, and challenges over pay.

36. Defendant Ward also stated that he had not had to figure out many of these things because "no one else is fussing about drive time and getting their minimum wage for their driving."

37. Defendant Ward and Ms. Worth also stated that they were required by law to deduct lunch breaks even if Plaintiff did not take a lunch break.

38. Plaintiff further complained that the rate of overtime pay must be based on total compensation to establish the regular rate.

39. Defendant Ward and Ms. Worth laughed at Plaintiff's complaint and stated that this was not how time-and-a-half worked and that it did not include the service fees as total compensation.

40. Defendant Ward stated that he would "make damn sure that you never get overtime."

41. On May 12, 2023, the company terminated Plaintiff because it needed someone "who could more easily work with company policies" or words to that effect.

42. Defendants terminated Plaintiff in retaliation for his repeated and ongoing protected activity of complaining about Defendants' various wage violations.

43. Defendants' retaliatory termination of Plaintiff's employment was willful and not in good faith.

44. As a consequence of Defendants' retaliatory termination of Plaintiff, he has incurred lost wages and has suffered emotional distress.

45. Defendants were, or should have been, aware that the FLSA requires them to pay non-exempt employees overtime wages at a rate of one-and-one-half their regular rate of pay for all time worked in excess of forty hours per workweek.

46. On information and belief, Defendants' unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

47. Defendants' failure to pay Plaintiff overtime wages at the rate required by the FLSA for all time worked in excess of forty hours per workweek was willful and was not in good faith.

48. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime wages in an amount to be determined at trial for all time worked in excess of forty hours per workweek, and is entitled to recovery of such amounts, liquidated damages, interest, attorneys' fees and costs.

## COUNT ONE
## <u>Willful Failure to Pay Overtime Wages in Violation of the FLSA</u>

49. At all relevant times, Defendant Ace Handyman has been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

50. On information and belief, at all relevant times, Defendant Ace Handyman had an annual gross volume of sales made or business done in excess of $500,000.

51. At all relevant times, Defendants had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

52. At all relevant times, in the course of Defendants' business operations, Defendants' employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce.

53. At all relevant times, Defendants were "employer[s]" of Plaintiff as that term is defined by 29 U.S.C. § 203(d).

54. Defendants are governed by and subject to 29 U.S.C. § 207.

55. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

56. The FLSA requires employers, such as Defendants, to compensate non-exempt employees, such as Plaintiff, at a rate of one-and-one-half his regular rate of pay for all time worked in excess of forty hours per week.

57. Plaintiff regularly worked more than forty hours per workweek during his employment with Defendants.

58. Defendant regularly failed to include drive time and time that it automatically deducted for lunches that Plaintiff was not taken from Plaintiff's hours worked, resulting in the failure to compensate Plaintiff for all overtime hours worked.

59. Additionally, Defendants further violated the FLSA by calculating overtime on a biweekly basis and requiring Plaintiff to work over eighty (80) hours for a two-week period before he would be considered as working overtime.

60. Plaintiff was non-exempt under the FLSA and Defendants were therefore required to pay him overtime at one-and-one-half his regular rate for all of his time worked in excess of forty hours per week. Defendant further violated the FLSA by failing to include the service charge in the regular rate of pay.

61.     Defendants willfully failed to pay Plaintiff overtime wages at one-and-one-half his regular rate for all time he worked in excess of forty hours per workweek and paid him his regular rate for all time worked.

62.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

63.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

64.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants (a) unpaid overtime wages for each workweek within the limitations period; (b) an additional and equal amount of liquidated damages for Defendants' violations of the FLSA; (c) interest; and (d) reasonable attorneys' fees and costs of litigation.

### COUNT TWO
### Retaliation in Violation of the FLSA

65.     Plaintiff engaged in protected activity under the FLSA by repeatedly complaining that Defendants were not paying him overtime at a rate of one-and-one-half his regular rate of pay for all time worked in excess of forty hours per workweek, including requiring off-the-clock driving time, and taking the auto-deduction of time

for lunch breaks that he was not taking. By and through these complaints, Plaintiff opposed FLSA violations.

66. In retaliation for Plaintiff's protected activity, Defendants terminated Plaintiff's employment, in violation of the FLSA, and specifically, 29 U.S.C. § 215.

67. Defendants' retaliatory termination of Plaintiff was willful and not in good faith.

68. As a consequence of Defendants' retaliatory termination of Plaintiff, he suffered lost wages and emotional distress.

69. As a result of Defendants' retaliation, Plaintiff is entitled to (a) lost wages, including back pay, front pay and/or reinstatement; (b) liquidated damages; (c) compensatory damages; (d) interest; and (e) attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a) A declaratory judgment that the practices of Defendants complained of herein are unlawful under the FLSA;

b) An award of all unpaid overtime wages;

c) An award of liquidated damages on Plaintiff's FLSA claim;

d) An award of full lost wages, liquidated damages, and compensatory damages to Plaintiff with respect to his retaliation claim;

e) An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

f) All other equitable and other further relief as this Court deems just and proper.

Respectfully submitted, this 10th day of August 2023.

*/s/ Grace A. Starling*
Justin M. Scott
Georgia Bar No. 557463
Grace A. Starling
Georgia Bar No. 464958
SCOTT EMPLOYMENT LAW, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
gstarling@scottemploymentlaw.com

*Counsel for Plaintiff*