IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DYLAN ADCOCK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARD HOME SERVICES d/b/a )<br>ACT HANDYMAN SERVICES )<br>EAST METRO ATLANTA (543) )<br>And WILLIAM WARD, )<br>)<br>Defendants. ) | Case No. 3:23-cv-00089-CDL |

**DEFENDANTS' UNOPPOSED MOTION TO SET ASIDE PLAINTIFF'S MOTION FOR DEFAULT AND FOR EXTENSION OF TIME TO ANSWER THE COMPLAINT**

Defendants, Ward Home Services and William Ward, by and through undersigned counsel, moves the Court to set aside Plaintiff's Motion for Default filed on September 13, 2023, and for an extension of time, through and including October 20, 2023, for Defendants to file their answer to the Complaint. In support of this Motion, Defendants state as follows:

1.  On August 10, 2023, Plaintiff filed a Complaint (the "lawsuit") against Defendants, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

2.  The Summons and Complaint were served upon William Ward on

1

August 15, 2023. [See D.E. 5.]

3. Therefore, Defendants had until September 5, 2023, to respond to the Complaint.

4. Defendants, however, failed to properly calendar the deadline or retain counsel and the deadline passed without Defendants retaining counsel or filing a response.

5. Plaintiff moved for a default on September 13, 2023.

6. On September 18, 2023, Defendants retained undersigned counsel.

7. On September 20, 2023, counsel for the Parties conferred regarding pending default and Defendants' intent to file the instant motion.

8. Plaintiff does not oppose the relief requested herein.

9. Considering the above, Defendants ask the Court to set aside the Motion for Default and request an extension of time until October 20, 2023, to answer the Complaint.

10. The undersigned has conferred with Plaintiff's counsel, who indicated that Plaintiff does not oppose any of the relief requested in this motion.

11. The Eleventh Circuit has a strong policy of determining cases on their merits and, therefore, does not favor default judgments. *See, e.g., Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Pursuant to Federal Rule of Civil Procedure 55(a), when "a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A Court may, however, "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts construe the "good cause" standard liberally on a case-by-case basis. *Compania Interamericana Export-Import, S.A. v. Compania Domincana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

12. Moreover, "Rule 6(b) of the Federal Rules of Civil Procedure provides in pertinent part, '[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: ... on motion made after the time has expired if the party failed to act because of excusable neglect.'" Fed. R. Civ. P. 6(b)(1)(B); *Satco Prods., Inc. v. Seoul Semiconductor Co*., 551 F.Supp.3d 1329, 1331 (N.D. Ga. 2021).

13. "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, however, excusable neglect is an elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Gaffney v. Warden, Taylor Corr. Inst*., No. 20-13572 (11th Cir. Jan. 3, 2022) (unpublished), *citing Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993); *Satco Prods, Inc*. 551 F. Supp. at 1333 (granting motion for leave to file an out of time answer).

14. Here, Defendants inadvertently failed to properly calendar the

deadline for the answer and failed to engage counsel promptly. After discovering their errors, Defendants have acted promptly to engage counsel and to respond to the Complaint.

15. Defendants' motion is made in good faith and not for purposes of delay.

## CONCLUSION

For the foregoing, Defendants request this Court set aside the Motion for Default and allow the case to be determined on the merits. Defendants respectfully request that the Court enter an Order: (1) granting this Motion; (2) setting aside the Plaintiff's Motion for Default entered against Defendants; (3) granting Defendants an extension of time to answer the Complaint; and (4) granting such other and further relief as this Court deems just and proper.

Dated this 26th day of September, 2023.

    Respectfully submitted,

    SPIRE LAW, PLLC
    2752 W. State Road 426 STE 2088
    Oviedo, Florida 32765
    (407) 494-0135

By: */s/ Ian E. Smith*
    Ian E. Smith, Esquire
    Georgia Bar No. 661492

        ian@spirelawfirm.com
        Whitney M. DuPree, Esq.
        Georgia Bar No. 880908
        whitney@spirelawfirm.com
        filings@spirelawfirm.com
        Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Ian Smith*
Attorney