IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DYLAN ADCOCK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARD HOME SERVICES d/b/a )<br>ACE HANDYMAN SERVICES )<br>EAST METRO ATLANTA (543) )<br>And WILLIAM WARD, )<br>)<br>Defendants. ) | Case No. 3:23-cv-00089-CDL |

**JOINT MOTION FOR APPROVAL OF ACCEPTED RULE 68 OFFER
AND ENTRY OF JUDGMENT BASED ON FED. R. CIV. P. 68 AND
LYNN'S FOOD STORES, INC. V. UNITED STATES**

Plaintiff, Dylan Adcock ("Plaintiff") and Defendants, Ward Home Services d/b/a ACE Handyman Services East Metro Atlanta (543) and William Ward, ("Defendants") (collectively, the "Parties), by and through their counsel of record, file this motion asking the Court to enter judgment on Plaintiff's Count I based on a timely accepted offer of judgment made under Fed. R. Civ. P. 68.

The Parties ask this Court to determine that the Judgment is fair and reasonable pursuant to the Eleventh Circuit's standards in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

I.   **FACTUAL BACKGROUND**

1. On August 10, 2023, Plaintiff filed this two-count lawsuit against Defendants alleging violations of the Fair Labor Standard Act ("FLSA") for unpaid wages. (Doc. 1).

2. Count I alleged Willful Failure to Pay Overtime Wages in Violation of the FLSA. Count II alleged Retaliation in Violation of the FLSA. (Doc. 1).

3. On August 15, 2023, Plaintiff served Defendants with the Complaint and Summons. (Doc. 5).

4. On September 18, 2023, Plaintiff moved for Default Judgment. (Doc. 7).

5. On September 26, 2023, Defendants filed an unopposed motion to set aside motion for default and extension to answer the complaint (Doc. 11).

6. After a brief extension, on October 20, 2023, Defendants filed their Answer. (Doc. 13).

7. In the Complaint, Plaintiff alleges that he was employed by Defendants and that throughout his employment, Plaintiff regularly worked more than forty (40) hours per workweek without being paid one-and-one-half times his regular rate of pay for all overtime worked. Further, Plaintiff alleges that Defendants did not pay for drive time and deducted thirty (30) minutes for a lunch break, regardless of whether Plaintiff took the break. (Count I). Plaintiff alleges that, when he

complained about these practices, including the failure to pay him overtime at one-and-one-half times his regular rate, Defendants terminated him. Plaintiff alleges that his termination was in retaliation for his complaints regarding FLSA violations. (Count II).

8. Defendants deny Plaintiff's allegations, and state Plaintiff received all amounts owed to him under the FLSA and deny any liability to the Plaintiff for any amount whatsoever.

9. The Parties have discussed damages, assessed the economic realities of Plaintiff's relationship with Defendants, and exchanged discovery concerning Plaintiff's rate and method of pay, and hours worked. Given the Parties' respective positions on the issue of damages, there is a bona fide dispute as to whether Plaintiff is entitled to any relief under the FLSA.

10. Notwithstanding the factual and legal defenses that Defendants maintain are applicable in this matter, Defendants, taking into account the time and expense associated with the ongoing defense of this case and the uncertainty and risks inherent in any litigation, have agreed to a resolution of Plaintiff's overtime claim, which is Count I of Plaintiff's Complaint.

11. On April 17, 2024, Defendants made an Offer of Judgment pursuant to Fed.R.Civ.Pro. 68 to fully resolve Count I of Plaintiff's Complaint.

12. On April 23, 2024, Plaintiff accepted the Offer of Judgment as to Count

I and stated in his Notice of Acceptance of Defendants' Offer of Judgment for FLSA Overtime Claim (Count I):

> Plaintiff Dylan Adcock hereby accepts the Offer of Judgment, and specifically agrees that judgment shall be entered against Defendants with respect to his overtime claim under the FLSA (Count I), and that $900.00 shall be paid to Plaintiff within 30 days of Court approval for all overtime wages owed pursuant to his FLSA overtime claim (Count I), as well as attorneys' fees and costs associated with Plaintiff's overtime claim under the FLSA (Count I) in the amount of four hours of Plaintiff's counsel's customary hourly rate ($315.00 and $415.00) and Plaintiff's actual costs for filing the Complaint and service of Summons and Complaint.

13. The Parties expressly agreed and stipulated that (1) the Offer of Judgment is not an offer to resolve Plaintiff's retaliation claim under the FLSA (Count II); (2) Plaintiff's retaliation claim (Count II) is still in dispute; and (3) the Parties will proceed with litigation on Plaintiff's retaliation claim under the FLSA and all associated relief available for Plaintiff's retaliation claim.

14. The Parties expressly agree and stipulate that (1) this Offer of Judgment for attorneys' fees and costs is not an offer to resolve Plaintiff's claim for attorneys' fees and costs associated with his retaliation claim under the FLSA (Count II); (2) Plaintiff's claim for attorneys' fees and costs associated with his retaliation claim (Count II) is still in dispute; and (3) the Parties will proceed with litigation on Plaintiff's retaliation claim under the FLSA and seek all available relief (Count II).

15. In order to avoid the uncertainty and expense of protracted litigation of the Parties' bona fide dispute, the Parties' have agreed to resolve Plaintiff's Count I,

FLSA overtime claim, in the above-styled action by entering into the settlement agreement attached as "Exhibit A" to this Motion (the "Offer of Judgment").

## II.   ARGUMENT AND CITATION OF AUTHORITY.

### A. The Court Should Enter Judgment Based on Defendant's April 17, 2024, Offer of Judgment.

Federal Rule of Civil Procedure 68(a) authorizes the issuing of offers of judgment and provides that:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

"The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny,* 473 U.S. 1, 5, 87 L. Ed. 2d 1, 105 S. Ct. 3012 (1985). "The rule accomplishes this objective with a two-part approach. First, Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment. Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse. If he accepts, the court automatically enters judgment in his favor; if he refuses, the case proceeds." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002).

On April 17, 2024, Defendants made an Offer of Judgment pursuant to Fed. R.

Civ. Pro. 68 to fully resolve Plaintiff's Count I FLSA overtime claim and the attorneys' fees associated with that claim. *See* Exhibit A. Plaintiff accepted the offer to resolve his FLSA overtime claim and the attorneys' fees associated with that claim on April 24, 2024. *Id.*

The Parties expressly agreed that (1) the Offer of Judgment is not an offer to resolve Plaintiff's retaliation claim under the FLSA (Count II); (2) Plaintiff's retaliation claim (Count II) is still in dispute; and (3) the Parties will proceed with litigation on Plaintiff's retaliation claim under the FLSA and all associated relief available for Plaintiff's retaliation claim.

The Parties also expressly agree and stipulate that (1) this Offer of Judgment for attorneys' fees and costs is not an offer to resolve Plaintiff's claim for attorneys' fees and costs associated with his retaliation claim under the FLSA (Count II); (2) Plaintiff's claim for attorneys' fees and costs associated with his retaliation claim (Count II) is still in dispute; and (3) the Parties will proceed with litigation on Plaintiff's retaliation claim under the FLSA and seek all available relief (Count II).

The Parties now move this Court to enter judgment against Defendant for $900.00 to Plaintiff due within 30 days for all overtime wages owed. Defendant's Offer of Judgment further offers to resolve Plaintiff's claim for attorneys' fees and costs associated with Plaintiff's overtime claim under the FLSA (Count I) in the amount of four hours at Plaintiff's counsel's customary hourly rate and Plaintiff's

actual costs for filing the Complaint and service of Summons and Complaint.

### B. The Offer of Judgment is a Reasonable Compromise of Plaintiff's FLSA Overtime Claim.

Plaintiff alleges claims pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq*., for overtime violations. Pursuant to 29 U.S.C. § 216(b), the compromise of FLSA claims requires approval by the Court when the payment is not made through the Department of Labor. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (holding a private suit filed by employees requires that the settlement be reviewed and approved by the Court). When parties bring a proposed settlement of an FLSA claim before a Court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects "a reasonable compromise over issues" such as FLSA coverage, potential liability, the availability of defenses, or the computation of back wages that are "actually in dispute," the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

Because this matter is resolved with a judgment, there is no "side deal," confidentiality provision, or other term that might adversely affect the public's interest. In this case, the Parties were each represented by experienced counsel. Defendants offered to pay Plaintiff a total of $900.00 for his alleged overtime claim and four hours of Plaintiff's counsel's customary hourly rate ($315.00) and

7

Plaintiff's actual costs for filing the Complaint and service of Summons and Complaint.

The Parties have exchanged written discovery, including time and pay records, and have conducted depositions. After extensive analysis, the Parties have agreed to fully resolve Plaintiff's overtime claim for $900.00, inclusive of alleged overtime pay and liquidated damages. Plaintiff is being awarded 100 percent of his claimed unpaid wages and liquidated damages, and undersigned counsel believes that the amounts are a "fair and reasonable" resolution of Plaintiff's FLSA overtime claim pursuant to *Lynne's Foods.*

With respect to attorneys' fees, the Parties have agreed to resolve Plaintiff's attorneys' fee claim associated with his overtime claim (Count I) for four hours of Plaintiff's counsel's customary hourly rate ($315.00) and Plaintiff's actual costs for filing the Complaint and service of Summons and Complaint. The total amount Defendants agreed to pay is $1,787.00 ($1,260.00 in attorneys' fees and $527.00 for actual costs of filing and serving the Complaint)). This amount represents less than the lodestar (hourly rate multiplied by time spent) for Plaintiff's counsel's time in pursuing Plaintiff's overtime claim, which Plaintiff's counsel agreed to accept to finalize resolution of Plaintiff's overtime claim.

C. **The Offer of Judgment is a not an Offer to Resolve Plaintiff's Retaliation Claim (Count II) or the Attorneys' Fees Associated with the Retaliation Claim .**

The Parties expressly agreed and stipulated that (1) the Offer of Judgment is not an offer to resolve Plaintiff's retaliation claim under the FLSA (Count II); (2) Plaintiff's retaliation claim (Count II) is still in dispute; and (3) the Parties will proceed with litigation on Plaintiff's retaliation claim under the FLSA and all associated relief available for Plaintiff's retaliation claim.

The Parties expressly agree and stipulate that (1) this Offer of Judgment for attorneys' fees and costs is not an offer to resolve Plaintiff's claim for attorneys' fees and costs associated with his retaliation claim under the FLSA (Count II); (2) Plaintiff's claim for attorneys' fees and costs associated with his retaliation claim (Count II) is still in dispute; and (3) the Parties will proceed with litigation on Plaintiff's retaliation claim under the FLSA and seek all available relief (Count II).

III. **CONCLUSION**

WHEREFORE, the Parties ask this Court to enter judgment as to Plaintiff's overtime claim (Count I) as set forth in Defendant's Offer of Judgment. The Parties jointly and respectfully request that this Court approve the accepted Rule 68 Offer , and enter judgment, pursuant to the Rule 68 Offer, against Defendant for $900.00 owed to Plaintiff due within 30 days for all overtime wages owed and for attorneys' fees and costs associated with Plaintiff's overtime claim under the FLSA (Count I)

in the amount of four hours at Plaintiff's counsel's customary hourly rate and Plaintiff's actual costs for filing the Complaint and service of Summons and Complaint.

Respectfully submitted this July 2, 2024,

| | |
|---|---|
| */s/ Grace A. Starling* | */s/ Ian E. Smith* |
| Grace A. Starling | Ian E. Smith |
| Justin M. Scott | Georgia Bar No. 661492 |
| RADFORD SCOTT LLP | Whitney M. DuPree |
| 160 Clairemont Avenue, Suite 610 | Georgia Bar No. 880908 |
| Decatur, Georgia 30030 | Spire Law, PLLC |
| Telephone: 678.780.4880 | 2572 W. State Road 426, Suite 2088 |
| Facsimile: 478.575.2590 | Oviedo, FL 32765 |
| jscott@radfordscott.com | Telephone: (407) 494-0135 |
| gstarling@radfordscott.com | ian@spirelawfirm.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2024 the foregoing *JOINT MOTION FOR APPROVAL OF ACCEPTED RULE 68 OFFER AND ENTRY OF JUDGMENT BASED ON FED. R. CIV. P. 68 AND LYNN'S FOOD STORES, INC. V. UNITED STATES* was e-filed with the clerk of court which will automatically send a copy of the filing to the following:

Justin M. Scott
Grace A. Starling
Radford Scott LLP
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@radfordscott.com
gstarling@radfordscott.com

/s/ Ian E. Smith
Ian E. Smith
Georgia Bar No. 661492
Spire Law, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, FL 32765
Telephone: (407) 494-0135
ian@spirelawfirm.com