IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DYLAN ADCOCK,<br><br>    Plaintiff,<br><br>v.<br><br>WARD HOME SERVICES d/b/a<br>ACE HANDYMAN SERVICES<br>EAST METRO ATLANTA (543)<br>And WILLIAM WARD,<br><br>    Defendants. | Case No. 3:23-cv-00089-CDL |

**ORDER ON JOINT MOTION TO APPROVE ACCEPTED
RULE 68 OFFER AND ENTRY OF JUDGMENT**

The above-styled case is presently before the Court on the Parties' Joint Motion for Approval of Accepted Rule 68 Offer and Entry of Judgment Based on Fed. R. Civ. P. 68 and *Lynn's Food Stores, Inc. v. United States* on Plaintiff's claim for unpaid overtime wages brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. (the "FLSA"). Therein, the Parties request that this Court approve the accepted Rule 68 Offer, and enter judgment, pursuant to the Rule 68 Offer, against Defendant for $900.00 owed to Plaintiff due within thirty (30) days for all overtime wages and liquidated damages and for attorneys' fees and costs associated with Plaintiff's overtime claim under the FLSA (Count I) in the amount of four hours at Plaintiff's counsel's customary hourly rate and Plaintiff's actual

costs for filing the Complaint and service of Summons and Complaint as contemplated in the Rule 68 Offer of Judgment accepted by Plaintiff on April 23, 2024.

The Parties expressly agree that (1) the Offer of Judgment is not an offer to resolve Plaintiff's retaliation claim under the FLSA (Count II); (2) Plaintiff's retaliation claim (Count II) is still in dispute; and (3) the Parties will proceed with litigation on Plaintiff's retaliation claim under the FLSA and all associated relief available for Plaintiff's retaliation claim. The Parties also expressly agree and stipulate that (1) this Offer of Judgment for attorneys' fees and costs is not an offer to resolve Plaintiff's claim for attorneys' fees and costs associated with his retaliation claim under the FLSA (Count II); (2) Plaintiff's claim for attorneys' fees and costs associated with his retaliation claim (Count II) is still in dispute; and (3) the Parties will proceed with litigation on Plaintiff's retaliation claim under the FLSA and seek all available relief (Count II).

After reviewing the record and the joint submission of the Parties, the Court **APPROVES** the Rule 68 Offer of Judgment and enters the following Order with entry of judgment against Defendants.

The Court reviews an FLSA settlement to ensure it is fair, adequate, and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of

Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions.").

Having reviewed the Offer of Judgment, the Court finds that the settlement is fair, adequate, and reasonable. Specifically, the Court finds that the $900.00 in the Offer of Judgment regarding Plaintiff's overtime claim compensates Plaintiff for all overtime wages owed and liquidated damages, was negotiated at arm's length by represented Parties, and is not the result of any collusion. Additionally, Plaintiff accepted the Offer of Judgment on attorneys' fees and costs, pursuant to which Defendant has agreed to pay Plaintiff $1,787.00 in attorneys' fees and costs associated with Count I. This amount represents less than the lodestar (hourly rate multiplied by time spent) for Plaintiff's counsel's time in pursuing Plaintiff's overtime claim, which Plaintiff's counsel agreed to accept to finalize resolution of Plaintiff's overtime claim.

Therefore, the Parties' Joint Motion is **GRANTED**, and it is hereby **ORDERED** that the Rule 68 Offer of Judgment is **APPROVED** and judgment on Count I of the Complaint is **ENTERED** against Defendant on Count I of Plaintiff's Complaint and in favor of Plaintiff in the amount of $900.00 for overtime wages and liquidated damages, which is due within thirty (30) days of this Order. It is further **ORDERED** that Defendant pay Plaintiff $1,787.00 in attorneys' fees and costs to resolve Plaintiff's claim for attorneys' fees and costs associated with Count I, which is due within thirty (30) days of this Order. The Parties will proceed with litigation on Plaintiff's retaliation claim under the FLSA and may seek all available relief associated with that claim (Count II), including attorneys' fees and costs.

SO ORDERED this 3rd day of July, 2024

S/Clay D. Land

The Honorable Clay D. Land
United States District Court Judge